UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JEFFERY JOHNSON,                                                                                  Plaintiff,

v.                                                    Civil Action No. 3:21-cv-P725-DJH

ARAMARK CORPORATION *et al.*,                                            Defendants.

\* \* \* \* \*

## **MEMORANDUM AND ORDER**

Plaintiff Jeffery Johnson, an inmate at the Kentucky State Reformatory (KSR), filed this *pro se* 42 U.S.C. § 1983 action. Upon initial review pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's Eighth Amendment claims to proceed against Defendants Aramark Corporation and Aramark employees Martha Dilmaghani and John Doe #1 in their individual capacities related to Plaintiff's diabetic diet (Docket Nos. 28 and 30).[1] This matter is before the Court on nine pending motions filed by Plaintiff. The Court will also address seventeen other filings by Plaintiff.

### *Motion for Defendant Dilmaghani to identify Aramark dietician (DN 36)*

Plaintiff filed a motion captioned as a motion "for Martha Dilmaghani to supply Court & Plaintiff Name of Aramark Dietician John Doe #1."[2] He states that on October 14, 2021, "Dilmaghani (Aramark Lead Supervisor) refers to Aramark Dietician John Doe #1 as person authorizing her to serve diabetics white bread instead of wheat bread as American Diabetes Association state diabetic is supposed to eat."

---

[1] The Court also allowed claims to proceed against KSR Warden Anna Valentine and Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews. By separate Memorandum and Order entered this date, the Court granted Plaintiff's motion to dismiss Valentine and Crews as Defendants to this action.

[2] The Clerk of Court docketed the motion as a motion "for Martha Dilmaghani to supply Court & Plaintiff Name of Aramark Dietician John Doe **#2**." (Emphasis added.) However, upon review of the motion and the complaint, the Court finds that Plaintiff is referring to Defendant John Doe #1.

Plaintiff must conduct discovery in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order. The proper way to seek information from another party, such as Defendant Dilmaghani, is through interrogatories pursuant to Fed. R. Civ. P. 33 or through requests for production of documents served on the other party pursuant to Fed. R. Civ. P. 34, not through a motion filed with the Court. If Plaintiff is unsatisfied with a response to his discovery request, he must first confer with Defendants' counsel to resolve the dispute extra-judicially, *i.e.*, without the Court's involvement. If he is still unsatisfied, he may file a motion to compel under Fed. R. Civ. P. 37 and state the specific information that he seeks and why he believes that he is entitled to it. The Court will extend the deadline for discovery by separate Order. Therefore, it is hereby

**ORDERED** that the motion for Defendant Dilmaghani to identify Aramark dietician (DN 36) is **DENIED**.

*Motion for default judgment (DN 56)*

Plaintiff next filed a motion for default judgment stating that the U.S. Marshals served a copy of the complaint and summons on Defendant Dilmaghani according to the Service and Scheduling Order and that Defendants Dilmaghani and Aramark had failed to file a timely answer to the complaint.

The docket sheet shows that the summons served on Defendant Dilmaghani was returned executed on March 17, 2022, making her answer due on April 7, 2022 (DN 43). On April 22, 2022, Defendants Aramark and Dilmaghani filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (DN 60).

"A district court may deny a motion for default judgment if the moving party 'failed first to obtain an *entry* of default' pursuant to Rule 55(a) of the Federal Rules of Civil Procedure."[3] *Bey v. Elmwood Place Police Dep't*, No. 17-3945, 2018 U.S. App. LEXIS 13090, at *3 (6th Cir. May 18, 2018) (quoting *Reed-Bey v. Pramstaller*, 607 F. App'x 445, 449 (6th Cir. 2015)). Because Plaintiff did not first move for entry of default, his request for default judgment fails. Moreover, Defendants Aramark and Dilmaghani have now filed a motion to dismiss. Upon review, the Court finds that any delay in filing the motion to dismiss was short and caused no undue prejudice to Plaintiff. Defendants Aramark and Dilmaghani are now defending the action, and the Court expects timely compliance with all deadlines going forward. For these reasons, Plaintiff is not entitled to default judgment under Fed. R. Civ. P. 55(b). Accordingly, it is hereby

**ORDERED** that the motion for default judgment (DN 56) is **DENIED**.

### *Motions for the Clerk to issue subpoenas to Defendants (DNs 57 and 69)*

Plaintiff filed a motion requesting the Clerk to issue a subpoena to Defendants Dilmaghani and Aramark and the KDOC for the "certified copy of medical prescribed 2200 cal diabetic diet load sheet from May 1 2021 to 4-1-22" (DN 57). Plaintiff also filed a motion requesting the Clerk to issue fifteen subpoenas to Defendants Dilmaghani and Aramark and the Justice and Public Safety Cabinet (JPSC) for a variety of materials concerning meals served at KSR, including the emergency meal plan procedures, the approved master menu and master menu for special diets, and "diet foods specified by DOC registered dietician or medical dept as in contract" (DN 69).

---

[3] Under Rule 55(a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena to compel a *non-party* to produce evidence. Again, the proper way to seek documents from another party is through requests for production of documents served on the other party pursuant to Fed. R. Civ. P. 34. Therefore, Plaintiff must request Defendants Dilmaghani and Aramark to produce these materials through discovery. If Plaintiff still wishes to request that the KDOC or JPSC produce documents to him, he may file a motion for issuance of a subpoena stating why he requests the materials and tender a completed subpoena form. It is hereby

**ORDERED** that the instant motions for the Clerk to issue subpoenas (DNs 57 and 69) are **DENIED**.

*Motion for Clerk to issue subpoena to WellPath/CCS (DN 80)*

Plaintiff also filed a motion requesting the Clerk to issue a subpoena to WellPath/CCS and "John Brinker ASA."[4] Plaintiff states that the Aramark contract "states all medical diet trays must be recorded and a copy sent to WellPath/CCS medical provider who ordered medical prescribed 2200 cal diabetic diet for Plaintiff." Plaintiff states that he has "a daily record of meals actual served to him that mimic the camra footage of what was served to him potato chips, cookies, white bread . . . ." The subpoena Plaintiff tenders seeks, "Copy of all recorded diet trays served 5-1-21 to present sent to WellPath/CCS by Aramark as required in Aramark contract section medical diets."

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery for a subpoena to be issued pursuant to Rule 45. *Boodram v. Coomes*, No. 1:12CV-00057-JHM, 2016 U.S. Dist. LEXIS 197323, at *9 (W.D. Ky. Jan. 5, 2015). Under Rule 26, parties may obtain discovery

---

[4] The Court presumes that WellPath/CCS is the entity that contracts with the KDOC to provide medical services to inmates. The Court cannot discern from the record who "John Brinker ASA" is.

regarding any non-privileged matter "that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The tendered subpoena requesting "all recorded diet trays served 5-1-21 to present" is not limited to the trays Plaintiff received but appears to request records of diet trays for all inmates who received them. The Court finds that the request is overly broad and beyond the scope of discovery and that the motion must be denied. However, if Plaintiff wishes to limit his request, he may file another motion for issuance of a subpoena and tender a completed subpoena form. Accordingly, it is hereby

**ORDERED** that the instant motion for the Clerk to issue a subpoena (DN 80) is **DENIED**.

### *Motion to serve summons on Aramark (DN 59)*

In addition, Plaintiff filed a motion for the U.S. Marshals to serve summons on Aramark. As stated above, Defendant Aramark subsequently filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (DN 60) and is defending the action. Therefore, it is hereby

**ORDERED** that the motion to serve summons on Aramark (DN 59) is **DENIED as moot**.

### *Motion to change action to a bench trial (DN 96)*

Plaintiff also filed a motion "to change the action to a bench trial." Plaintiff made a jury trial demand in his complaint (DN 1). Pursuant to Federal Rule of Civil Procedure 38(d), a proper jury trial demand "may be withdrawn only if the parties consent." Because there is no indication that Defendants have consented to the withdrawal of the jury trial demand, it is hereby

**ORDERED** that Plaintiff's motion to change the action to a bench trial (DN 96) is **DENIED without prejudice** to Plaintiff refiling the motion should the parties consent.

In the motion, Plaintiff also states that he "is being denied access to the court system, legal office, making copys and can just send the motion to the court because KSR/DOC officials have denied me access to the court and grievance process." Plaintiff's claims concerning access to the Court are not a part of this action, which concerns allegations of denial of a diabetic diet and retaliation. Moreover, the purported denial of access to the Court has not prevented Plaintiff from filing numerous motions and other documents in this and his ten other pending cases in this Court. Therefore, to the extent that Plaintiff seeks relief in the instant motion related to alleged denial of access to the Court, such request is **DENIED**.

### *Motion to amend to add Aramark supervisor as Defendant (DN 97)*

Plaintiff next moves to amend the complaint to add Aramark supervisor Scott King as a Defendant. He states, "I continue to be denied my medical prescribed 2200 cal diabetic diet in meals on day when he supervises the kitchen as well as Martha Dilmaghani causin me extreme pain [illegible] my phyical diabilitys and emotional distress . . . ."

Rule 15(a)(2) of the Federal Rules of Civil Procedure allows a party to amend its pleading with leave from the Court. Although Rule 15(a)(2) provides that a court should freely give leave to amend when justice so requires, "'[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." [5]

---

[5] A Rule 12(b)(6) motion is governed by the same standard as the Court's initial review pursuant to 28 U.S.C. § 1915A(b)(1).

*Skipper v. Clark*, 150 F. Supp. 3d 820, 829 (W.D. Ky. 2015) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Plaintiff's one-sentence allegation against King is conclusory, which is insufficient to adequately plead a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*"*[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."). Therefore, the Court finds that Plaintiff's motion to amend the complaint to add King as a Defendant is futile. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("A court need not grant leave to amend . . . where amendment would be 'futile.'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Accordingly, it is hereby

**ORDERED** that the motion to amend the complaint to add Aramark supervisor King as a Defendant (DN 97) is **DENIED**.

### *Motion for preliminary injunctive relief (DN 105)*

Plaintiff filed a fifth motion seeking preliminary injunctive relief. Plaintiff states that he seeks "emergency proction order stoping the defendants and others KSR/DOC officers from denying Plaintiff his medical prescribed diabetic diet . . . ." The Court entered a Memorandum

Opinion and Order (DN 109) denying Plaintiff's four prior motions for preliminary injunctive relief finding that he failed to provide the requisite proof to show a likelihood of success on the merits or irreparable harm. Plaintiff again fails to attach to the instant motion any medical evidence to support his assertions that he has suffered any injury due to being denied a diabetic diet. Therefore, the request for preliminary injunctive relief must be denied for the same reasons fully set forth in the Court's prior Memorandum Opinion and Order (DN 109). Accordingly, it is

**ORDERED** that the motion for preliminary injunctive relief (DN 105) is **DENIED**.

### *Other filings by Plaintiff*

By prior Order (DN 78), the Court instructed Plaintiff that the proper way to seek relief from the Court is through a written motion, stated that any filings not attached to a motion or response to a motion are not part of the record, and warned Plaintiff that the continued filing of documents that are not attached to a motion or response would result in sanctions, including filing restrictions. Therefore, the Court will not consider the following filings by Plaintiff: DNs 79, 90, 93, 94, 95, 99, 100, 101, 102, 104, 106, 107, 110, 111, 112, 116, and 117. To the extent that any of these filings request relief, such requests are **DENIED**.

Moreover, **Plaintiff is INSTRUCTED that the Court will not consider any filing that is not in the form a motion. It will likewise not consider any purported exhibit or other evidence filed by Plaintiff unless it is used in support of or in response to a motion.**

Date: November 10, 2022

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
Richard A. Brown, Cosmich, Simmons & Brown, 100 Vision Drive, Suite 200, Jackson, MS 39211
Madeline Kuluz, Quintairos, Prieto, Wood & Bower, 9300 Shelbyville Road, Louisville, KY 40222

4415.010